UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY MICHAEL MARCELLI, | Case No. 3:16-cv-00503-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

Petitioner Anthony Michael Marcelli has submitted a *pro se* habeas corpus petition (ECF No. 1-1). His application to proceed *in forma pauperis* (ECF No. 1) will be granted. The petition will be dismissed without prejudice because several claims are not cognizable in federal habeas corpus and, to the extent that petitioner includes any cognizable claims, they are wholly unexhausted.

First, a federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). Here, Marcelli includes a claim that the Nevada Department of Corrections

refuses to properly apply the state statutory scheme that provides for good-time credits, and therefore, is improperly calculating his sentence. He acknowledges on the face of his petition that he has not exhausted any claims in the state courts (*see, e.g.*, ECF No. 1-1 at 4). Marcelli states that this is because he is not challenging the fact of his conviction. (*Id.*) However, a challenge to the calculation of his sentence may impact the date of his release from custody, which may implicate his rights under 28 U.S.C. § 2254. Marcelli must first present this claim to the Nevada state courts.

The remaining claims that petitioner sets forth are not cognizable in habeas corpus. Instead, he alleges violations of his rights pursuant to The Americans with Disabilities Act, namely allegations that prison personnel refuse to give him any prison jobs on the basis of his physical disabilities (*see, e.g.*, ECF No. 1-1 at 3). 42 U.S.C. § 12182(a); *see, e.g.*, *Nettles v. Grounds*, 788 F.3d 992, 1001 (9th Cir. 2015) ("[R]elief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody."). Therefore, the petition will be dismissed because the ADA claims do not state a claim for which federal habeas relief may be granted and because Marcelli has not exhausted his claims that his sentence has been miscalculated.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that the Clerk file and electronically serve the petition (ECF No. 1-1) on the respondents.

It is further ordered that the Clerk add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

It is further ordered that this action is dismissed without prejudice as set forth in this order.

It is further ordered that a certificate of appealability is denied.

///

///

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 18th day of October 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3